UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

BERNARD P. BLANCHET,

DEBTOR.

CHAPTER 13

CASE NO. 17-23234

JUDGE: Robert D. Drain

MOTION DATE: April 11, 2018

MOTION TIME: 10:00 AM

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Katherine Heidbrink, an associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC as Servicer for U.S. Bank National Association, As Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC3 ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Robert D. Drain |
| RETURN DATE & TIME: | April 11, 2018 at 10:00 AM |
| COURTHOUSE: | United States Bankruptcy Court<br>300 Quarropas St<br>White Plains, NY 10601 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) generally described as 13130 Conductor Way, Unit 189, Silver Spring, MD 20904, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection or, pursuant to 11 U.S.C. § 362(d)(2), inasmuch as the estate has no equity in the aforementioned property. |

17-065678

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at One Huntington Quadrangle, Suite 3N05, Melville, NY 11747 and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York at United States Bankruptcy Court, 300 Quarropas St, White Plains, NY 10601 no later than seven (7) days prior to the return date of this motion.

Dated:  January 3, 2018
        Melville, New York

/s/ Katherine Heidbrink
Katherine Heidbrink
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC as Servicer for U.S. Bank National Association, As Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC3
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO:   SERVICE LIST

17-065678

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

BERNARD P. BLANCHET,

DEBTOR.

CHAPTER 13

CASE NO. 17-23234

JUDGE: Robert D. Drain

MOTION DATE: April 11, 2018

MOTION TIME: 10:00 AM

## AFFIRMATION IN SUPPORT OF ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Katherine Heidbrink, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC as Servicer for U.S. Bank National Association, As Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC3 ("Movant"), a secured creditor of Bernard P. Blanchet ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. §§ 362(d)(1)-(2) based upon Debtor's post-petition default, resulting in Movant's lack of adequate protection.

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

17-065678

4. Movant is a secured creditor of the Debtor, Bernard P. Blanchet, pursuant to a note executed by Bernard P. Blanchet on November 18, 2005, whereby Bernard P. Blanchet promised to repay the principal amount of $225,000.00 plus interest to Wilmington Finance, a division of AIG Federal Savings Bank (the "Note"). To secure the repayment of the Note, Bernard P. Blanchet granted Mortgage Electronic Registration Systems Inc. as nominee for Wilmington Finance, a division of AIG Federal Savings Bank a deed of trust, which was duly recorded in the Montgomery County Clerk's Office on December 20, 2005 in Book 31478, Page 480 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 13130 Conductor Way, Unit 189, Silver Spring, MD 20904 (the "Property"). The Loan was assigned to Nationstar Mortgage LLC, and said transfer was memorialized by an assignment of deed of trust executed on September 25, 2013 and recorded October 9, 2013 (the "First Assignment"). The Loan was subsequently transferred to U.S. Bank National Association, as trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC3 and said transfer was memorialized by an assignment of deed of trust executed on April 19, 2017 and recorded May 3, 2017 (the "Second Assignment"). The terms of the Loan were modified by agreement effective dated April 1, 2013 entered into by and between Bank of America, N.A., prior servicer of the Loan, and the Debtor creating a new principal balance in the amount of $325,339.43 (the "Loan Modification Agreement"). Copies of the Note, Mortgage, Loan Modification Agreement, and Assignments are annexed hereto as **Exhibit "A."**

5. Upon information and belief, the Debtor herein owns the Property.

6. Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on or about August 6, 2017.

17-065678

7. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due post-petition for the September 1, 2017 payment and each subsequent payment thereafter.

8. The amount of delinquency due as of December 8, 2017 under the Mortgage is as follows:

| | |
|---|---:|
| 4 Defaulted Monthly Payments at $1,140.72 each (September 2017 through December 2017) | $4,562.88 |
| Suspense | ($1,140.00) |
| Total Delinquencies | $3,422.88 |

9. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "B."**

10. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make post-petition payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

11. As set forth in the Affidavit, as of December 8, 2017, the approximate debt due and owing to Movant equals $314,883.77. The debt is accruing interest at a rate of 2% per annum.

12. Based upon the Debtor's Schedule D, the Property has an estimated fair value of approximately $225,000.00. A copy of Debtor's Schedule D is annexed hereto as **Exhibit "C."** As indicated in paragraph 11 herein above, the total debt to Movant equals $314,883.77. As such, there is no dispute that the debt due to the Movant exceeds the value of the Property. By the Debtor's own valuation, the estate has no equity in the Property sought to be foreclosed. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

13. The Debtor, Debtor's Attorney, the Chapter 13 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation,

17-065678

Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

14. Upon the entry of the Order Granting Relief, the unpaid portion of claim number 3, filed by Movant, shall be deemed withdrawn.

15. No prior application has been made for the relief requested herein.

16. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

17. Debtors executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

17-065678

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. §§ 362(d)(1) and (2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage, including, but not limited to, foreclosure of the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:    January 3, 2018
         Melville, New York

/s/ Katherine Heidbrink
Katherine Heidbrink
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC as Servicer
for U.S. Bank National Association, As Trustee for
Specialty Underwriting and Residential Finance
Trust Mortgage Loan Asset-Backed Certificates,
Series 2006-BC3
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

17-065678