31478· 494·

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0494, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

**STATE OF MARYLAND,**
I Hereby Certify, That on this *18th* day of *November 2005* County ss: *Baltimore*, before me, the subscriber, a Notary Public of the State of Maryland, in and for the *County of Baltimore* personally appeared

known to me or satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge that he/she/they executed the same for the purposes therein contained.

AS WITNESS: my hand and notarial seal.
My Commission Expires:

*11/1/07*

Notary Public

**STATE OF** *Maryland* *Baltimore* County ss:
I Hereby Certify, That on this *18th* day of *November*, before me, the subscriber, a Notary Public of the State of *Maryland* and for the *County of Baltimore* personally appeared

the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party or parties secured by the Deed of Trust to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time not later than the execution and delivery by the Borrower of this Deed of Trust; and also made oath that he is the agent of the party or parties secured and is duly authorized to make this affidavit.

AS WITNESS: my hand and notarial seal.
My Commission Expires:

*11/1/07*

Notary Public

This is to certify that the within instrument was prepared by *A MD ATTORNEY*
~~Wilmington Finance, a division of AIG Federal Savings Bank~~

*FELICITE D. MOORMAN, ESQ.*

Initials: _____

-6A(MD) (0005)
DDS-M06

Page 15 of 16

Form 3021   1/01

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0495, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

31478   495

# ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

Loan Number: ▮▮▮▮▮▮▮

THIS ADJUSTABLE RATE RIDER is made this   18th   day of   November, 2005   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to
Wilmington Finance, a division of AIG Federal Savings Bank,
Federal Savings Bank
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

13130 CONDUCTOR WAY, UNIT 189
SILVER SPRING, MD  20904
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of    8.800 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of    December, 2007   , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

WILMINGTON - MODIFIED
**MULTISTATE ADJUSTABLE RATE RIDER (LIBOR Index) - Single Family - Freddie Mac UNIFORM INSTRUMENT**

VMP®-815R (0008)          Form 3192 1/01
Page 1 of 4          Initials: _BB_
VMP MORTGAGE FORMS - (800) 521-7291

DDS-GAO

31478    496'

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0496, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN AND THREE QUARTERS                    percentage points (            7.750%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than 11.800 % or less than            8.800 %.  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 14.800 %, or less than 8.800%.

**(E) Effective Date of Changes**
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

-816R (0008)                    Page 2 of 4              Initials: _____              Form 3192 1/01

DDS-GAO

31478·   497·

**(F) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**
Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if a Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

-816R (0008)                          Page 3 of 4          Initials: _____          Form 3192 1/01
DDS-GAO

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0497, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

31478   498

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0498, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
BERNARD P. BLANCHET                    -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

VMP-815R (0008)              Page 4 of 4              Form 3192 1/01
DDS-GAO

31478'  499'

# CONDOMINIUM RIDER

Loan Number:

THIS CONDOMINIUM RIDER is made this      18th      day of November, 2005       ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to
Wilmington Finance, a division of AIG Federal Savings Bank

(the
"Lender") of the same date and covering the Property described in the Security Instrument
and located at:

13130 CONDUCTOR WAY, UNIT 189
SILVER SPRING, MD  20904
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements
of, a condominium project known as:

STOCKBRIDGE AT TANGLEWOOD
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the
Condominium Project (the "Owners Association") holds title to property for the benefit or use
of its members or shareholders, the Property also includes Borrower's interest in the Owners
Association and the uses, proceeds and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under
the Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i)
Declaration or any other document which creates the Condominium Project; (ii) by-laws; (iii)
code of regulations; and (iv) other equivalent documents. Borrower shall promptly pay, when
due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally
accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which
is satisfactory to Lender and which provides insurance coverage in the amounts (including
deductible levels), for the periods, and against loss by fire, hazards included within the term
"extended coverage," and any other hazards, including, but not limited to, earthquakes and
floods, from which Lender requires insurance, then: (i) Lender waives the provision in

**MULTISTATE CONDOMINIUM RIDER** - Single Family - Fannie Mae/Freddie Mac UNIFORM
**INSTRUMENT**
VMP-8R (0411)      Form 3140 1/01
Page 1 of 3          Initials: _BS_
VMP Mortgage Solutions, Inc.
(800)521-7291
DDS-C09



MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0499, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

31478·  500·

Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

VMP-8R (0411)
DDS-C09

Page 2 of 3

Initials:

Form 3140 1/01

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0500, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

31478   501

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0501, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower
BERNARD P. BLANCHET

_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                        -Borrower                                -Borrower

VMP-8R (0411)               Page 3 of 3               Form 3140 1/01
DDS-C09

3447 8   502

## AFFIDAVIT MADE PURSUANT TO SECTION 12-108(G)(3)
## OF THE TAX-PROPERTY ARTICLE OF
## THE ANNOTATED CODE OF MARYLAND

**THE** undersigned makes this oath, in due form of law and under the penalties of perjury, that the following is true to the best of my knowledge, information and belief, in accordance with Section 12-108(g)(3) of the Tax-Property Article of the Annotated Code of Maryland, as follows:

1.  That I am original mortgagor of the Mortgage/Deed of Trust recorded in Liber 28938 at Folio 708 among the Land Records of Montgomery County;

2.  That the mortgaged property is my principal residence; and,

3.  That the amount of unpaid principal of the original mortgage/deed of trust being refinanced is:

    AMC Mortgage Services, Inc:                          $186,188.51

**DATED** this 18th day of November, 2005.

_____ {SEAL}        _____ {SEAL}
**Bernard P. Blanchet**

STATE OF MARYLAND
COUNTY OF __Baltimore__

I HEREBY CERTIFY THAT on this 18th day of November, 2005, before me, the subscriber, a Notary Public of the State of Maryland, in and for County of Montgomery, personally appeared the person described in the foregoing instrument and made oath in due form of law, and under the penalties of perjury, that the matters and facts set forth herein are true.

As witness, my hand and notarial seal.

_____
NOTARY PUBLIC
My Commission Expires: __11/1/07__

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0502, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

3 1478    503

# Exhibit A

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) MQR 31478, p. 0503, MSA_CE63_31435. Date available 01/13/2006. Printed 03/27/2017.

BEING KNOWN AND DESIGNATED AS CONDOMINIUM UNIT No. 189, Building 15, Phase 6 of the plat of condominium entitled, "Stockbridge at Tanglewood, a Condominium", as established pursuant to the Declaration and By-Laws thereof made by The Artery Organization, Inc., a Maryland Corporation, dated August 1, 1983 and recorded in Liber 6142, folio 519, as amended by instrument recorded August 17, 1983 in Liber 6156, at folio 002, among the Land Records of Montgomery County, Maryland, pursuant to the Condominium Plat "Stockbridge at Tanglewood", recorded in Plat Book 30, Plats No. 3165 through 3169, both inclusive, among the aforesaid Land Records of, as further amended by instrument recorded September 20, 1983 in Liber 6186, folio 111, among the aforesaid Land Records, pursuant to the Condominium Plat "Stockbridge at Tanglewood", recorded in Plat Book 31, Plats No. 3244 through 3246, both inclusive, as further amended by instrument recorded December 22, 1983 in Liber 6267, at folio 579 and re-recorded January 24, 1984 in Liber 6301, folio 900, among the aforesaid Land Records pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded Plat Book 33, Plats No. 3419 through 3421, both inclusive, as further amended by instrument recorded January 24, 1984 in Liber 6302, folio 001, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 33, Plats No. 3445 through 3448, both inclusive, as further amended by instrument recorded February 17, 1984 in Liber 6321, at folio 746, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 33, Plat Nos. 3457 through 3459, both inclusive, as further amended by instrument recorded April 19, 1984 in Liber 6373, at folio 452, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 34, Plats No. 3529 through 3533, both inclusive and as further amended by instrument recorded June 5, 1984 in Liber 6417, at folio 117, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 34, Plats No. 3586 through 3588, both inclusive, including an undivided interest in the common elements appurtenant to said Unit as defined in said Declaration and By-Laws and amendments thereto. The improvements thereon being now or formerly known as No. 13130 Conductor Way, Silver Spring, MD 20904.

Being the same lot of ground which by Deed dated September 13, 2001 and recorded among the Land Records of Montgomery County, Maryland in Liber 19708, folio 370 was granted and conveyed by Henry Spencer Eden and Elinor Eden unto Bernard P. Blanchet.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
BERNARD P. BLANCHET        -Borrower                                   -Borrower


_____ (Seal)          _____ (Seal)
                           -Borrower                                   -Borrower


_____ (Seal)          _____ (Seal)
                           -Borrower                                   -Borrower


_____ (Seal)          _____ (Seal)
                           -Borrower                                   -Borrower


VMP-8R (0411)                    Page 3 of 3                    Form 3140 1/01
DDS-C09

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn Home Retention Division:
11802 RIDGE PARKWAY, SUITE 100 HRM
BROOMFIELD, CO 80021

Loan ▓▓▓▓▓▓    *SPACE ABOVE THIS LINE FOR RECORDER'S USE* _____

## LOAN MODIFICATION AGREEMENT
### Fixed Interest Rate Recorded - Step Rate

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between BERNARD P BLANCHET (the "Borrower(s)") and Bank of America, N.A. (Lender), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 18th day of November 2005 and in the amount of $225,000.00 and recorded on the 20th day of December 2005 in Book No. 31478, Page No. 480 as Document No. 68050 in the Official Records of Montgomery County, in the State of MARYLAND, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as in the 'Property', located at 13130 CONDUCTOR WAY UNIT 189, SILVER SPRING, MD  20904.

*See Exhibit A attached hereto and made a part hereof.*

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) the Mortgage or Deed of Trust ("Mortgage") on the Property and (2) the Note secured by the Mortgage, and any previous modifications to the Mortgage and/or Note. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received two copies of this Agreement. After I sign and return one notarized copy of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1. **My Representations and Covenants.**    I certify, represent to Lender, covenant and agree:

   I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   A. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A Permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

   B. I have provided documentation for all income that I receive and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

   C. Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

   D. I have made all payments required under a trial period plan or loan workout plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized copy of this Agreement to Lender, (2) the Lender accepts this Modification by signing it, and (3) the Modification Effective Date (as defined in Section 3 below) has occurred. I further understand and agree that Lender will not be obligated to modify the Loan Documents if I fail to meet any of the requirements under this Agreement.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on April 1, 2013 (the "Modification Effective Date"). I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan or loan workout plan, this modification will not take effect. The Maturity Date will be: 1st day of December 2035.

A. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan). The new principal balance of my Note will be $325,339.43 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means that interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

B. Interest at the rate of 2.000% will begin to accrue on the New Principal Balance as of 1st day of March 2013 and the first new monthly payment on the New Principal Balance will be due on 1st day of April 2013. My payment schedule for the modified Loan is as follows:

Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of 1st day of March 2013 at the yearly rate of (See Below Schedule), and the first new monthly payment on the Interest Bearing Principal Balance will be due on 1st day of April 2013. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|---|
| 1 | 2.000% | 3/1/2013 | Principal and Interest | $985.21 | $152.15 may adjust periodically | $1,137.36 | 4/1/2013 | 273 |

\* If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.B. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

My monthly principal and interest payment for the New Principal Balance reflects amortization of principal over 480 months from the date of my first modification payment. However, the scheduled maturity date of my loan will remain unchanged. This means that, even if I make all of the scheduled payments on time and comply with all other terms of the modified loan agreement, a principal balance of $172,358.80 will remain unpaid at the time of the scheduled maturity date. This balance will accrue interest at the Note rate and is sometimes called a balloon payment. I will need to make arrangements to pay this remaining balance when I payoff my loan, when I transfer an interest in, refinance or sell the Property, or at maturity.

THIS LOAN IS NOT FULLY AMORTIZING. THIS MEANS THAT THIS LOAN WILL NOT AUTOMATICALLY BE PAID IN FULL DURING ITS TERM IF I TIMELY MAKE ALL OF MY SCHEDULED MONTHLY PAYMENTS. AS A RESULT, I WILL BE REQUIRED TO PAY LENDER THE ENTIRE REMAINING PRINCIPAL BALANCE (SOMETIMES CALLED A BALLOON PAYMENT) AND ANY ACCRUED INTEREST THAT I OWE ON 1st day of December 2035.
LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, I MAY HAVE TO REPAY THIS LOAN OUT OF ASSETS I OWN OR I MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THIS LOAN.
ASSUMING THIS LENDER OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, I WILL PROBABLY BE CHARGED INTEREST AT THE MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. I MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.
THE AMOUNT OF THE FINAL PAYMENT ON THIS LOAN, ASSUMING ALL SCHEDULED PRINCIPAL PAYMENTS ARE MADE IN ACCORDANCE WITH THIS MODIFICATION AGREEMENT, IS $172,358.80.

C.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4.  **Additional Agreements.**    Lender and I agree to the following:

A.  All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing.

B.  This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

C.  I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

D.  The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

E.  All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

F.  I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such

time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

*The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.*

*If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.*

*Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.*

G.   On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand.

H.   On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.   On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J.   I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.   I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. A corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign such corrected Agreement, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall continue in full force, and the terms of the original Loan Documents, or the

most recent modified terms currently in effect, will not be modified by this Agreement.

L.  Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.  If the loan has been registered with MERS, MERS (1) has only legal title to the interests granted by the borrower in the mortgage and acts solely as nominee for Lender and Lender's successors and assigns, (2) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and (3) has the right to take any action required of Lender, including, but not limited to, releasing and canceling the mortgage loan.

M.  If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary.  If the original promissory note is replaced, Lender hereby indemnifies me against any loss associated with a demand on the original note.  All documents that Lender requests of me under this shall be referred to as the "Documents."  I will deliver the Documents within ten (10) days after I receive Lender's written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

X _____    3 · 18 · 2013
BERNARD P BLANCHET                     Date

STATE OF _New York_
County of _Queens_
On _March 18, 2013_ Before me, _Karilyn L Riccardi_ Notary Public, personally appeared
_Bernard P Blanchet_
Personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.        Signature: _____

                                          KARILYN L. RICCARDI
                                          Notary Public, State of New York
                                          No. 01RI6168011
                                          Qualified in Nassau County
              Do Not Write Below This Line Term Expires May

THIS SECTION IS FOR INTERNAL Bank of America, N.A. USE ONLY

By: _____        Dated: _____

STATE OF _____
County of _____
On _____ Before me, _____ Notary Public, personally appeared
_____
Personally known to me, (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.        Signature: _____

## DO NOT WRITE BELOW THIS LINE.
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _____    Dated: **JUN 1 9 2013**    _____

Name: BRIANNA ROSENBERG
Title : ASSISTANT SECRETARY

_____[Space below this line for Acknowledgement]_____

STATE OF COLORADO
COUNTY OF BROOMFIELD

On 6-19-13 before Me, LYNN HOLDSWORTH  Notary Public, personally appeared
BRIANNA ROSENBERG  personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon
behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ Notary Signature

LYNN HOLDSWORTH _____ Notary Public Printed Name Please Seal Here

DECEMBER 27, 2015 _____ Notary Public Commission Expiration Date

LYNN HOLDSWORTH
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires Dec. 27 2015



## Exhibit A

BEING KNOWN AND DESIGNATED AS CONDOMINIUM UNIT No. 189, Building 15, Phase 6 of the plat of condominium 'entitled, "Stockbridge at Tanglewood, a Condominium", as established pursuant to the Declaration and By-Laws thereof made by The Artery Organization, Inc., a Maryland Corporation, dated August 1, 1983 and recorded in Liber 6142, folio 519, as amended by instrument recorded August 17, 1983 in Liber 6156, at folio 002, among the Land Records of Montgomery County, Maryland, pursuant to the Condominium Plat "Stockbridge at Tanglewood", recorded in Plat Book 30, Plats No. 3165 through 3169, both inclusive, among the aforesaid Land Records of, as further amended by instrument recorded September 20, 1983 in Liber 6186, folio 111, among the aforesaid Land Records, pursuant to the Condominium Plat "Stockbridge at Tanglewood", recorded in Plat Book 31, Plats No. 3244 through 3246, both inclusive, as further amended by instrument recorded December 22, 1983 in Liber 6267, at folio 579 and re-recorded January 24, 1984 in Liber 6301, folio 900, among the aforesaid Land Records pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded Plat Book 33, Plats No. 3419 through 3421, both inclusive, as further amended by instrument recorded January 24, 1984 in Liber 6302, folio 001, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 33, Plats No. 3445 through 3448, both inclusive, as further amended by instrument recorded February 17, 1984 in Liber 6321, at folio 746, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 33, Plat Nos. 3457 through 3459, both inclusive, as further amended by instrument recorded April 19, 1984 in Liber 6373, at folio 452, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 34, Plats No. 3529 through 3533, both inclusive and as further amended by instrument recorded June 5, 1984 in Liber 6417, at folio 117, pursuant to the Condominium Plat "Stockbridge at Tanglewood" recorded in Plat Book 34, Plats No. 3586 through 3588, both inclusive, including an undivided interest in the common elements appurtenant to said Unit as defined in said Declaration and By-Laws and amendments thereto.  The improvements thereon being now or formerly known as No. 13130 Conductor Way, Silver Spring, MD 20904.

Being the same lot of ground which by Deed dated September 13, 2001 and recorded among the Land Records of Montgomery County, Maryland in Liber 19708, folio 370 was granted and conveyed by Henry Spencer Eden and Elinor Eden unto Bernard P. Blanchet.

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn Home Retention Division:
11802 RIDGE PARKWAY, SUITE 100 HRM
BROOMFIELD, CO 80021

Loan

————————————————FOR INTERNAL USE ONLY————————————————

## MODIFICATION BANKRUPTCY DISCLOSURE RIDER

THIS MODIFICATION BANKRUPTCY DISCLOSURE RIDER, effective the 2nd day of March 2013, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by BERNARD P BLANCHET, and Bank of America, N.A. (Lender), covering the Property described in the Loan Modification Agreement Located at 13130 CONDUCTOR WAY UNIT 189, SILVER SPRING, MD 20904.

Borrower understands and acknowledges that if Borrower breaches any of the terms and conditions of the Loan Modification Agreement, including but not limited to timely making the payments described in the Loan Modification Agreement, that Lender has the right to foreclose the Property in accordance with the terms and conditions of the underlying Security Instruments.

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. Borrower was discharged in a Chapter 13 bankruptcy proceeding after the execution of the Note and Security Instruments;
2. Borrower has or reasonably expects to have the ability to make the payments specified in the Loan Modification Agreement; and
3. The Loan Modification Agreement was entered into consensually and it does not affect the discharge of Borrower's personal liability on the Note;

Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement or this Modification Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

_____          3.18.2013
BERNARD P BLANCHET                        Dated

————————————————————————————————————————————————————————

Bank of America, N.A.

_____          _____
                                         Dated

Bank of America, N.A.
Attn Home Retention Division:
11802 RIDGE PARKWAY, SUITE 100 HRM
BROOMFIELD, CO 80021

Loan #: 

## AFFIDAVIT OF PRINCIPAL BALANCE

The New principal balance on the original loan is $325,339.43. The Current Principal
Balance is $221,220.26.  The Original Principal Balance was $225,000.00.

3 . 18 . 2013
Dated

BERNARD P BLANCHET

Dated

STATE OF _New York_

COUNTY OF _Queens_

On _March 18, 2013_ before me _Karilyn L. Riccardi_

Notary Public, personally appeared _Bernard P Blanchet_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name (s)
is/are subscribed to the within instrument and acknowledged me that he/she/they executed the same in his/her/their
authorized capacity (ies), and that by his/her/their signatures (s) on the instrument the person (s), or entity upon behalf
of which the person (s) acted, executed the instrument.

WITNESS my hand and official seal

Signature

Notary Public Name Printed:      KARILYN L. RICCARDI
                                 Notary Public, State of New York
                                          No. 01RI6166011
My Commission Expires:            Qualified in Nassau County  Suffolk County
                                 Term Expires May 14, 2015

BA2 Loan

Loan #: 

## Certificate of Preparation

This is to certify that this instrument was prepared by Bank of America, N.A. , one of the parties named in
the instrument.

## Prepared by

FRANCO, MICHELE

*FRANCO, MICHELE*

**Signature and Printed Name**

**Title:**



2013 OCT -9  AM II: 50

FILED
LORETTA E. KNIGHT
CLERK'S OFFICE
MONTGOMERY CO

Recording Requested By:
Bank of America, N.A.
Prepared By: Anne-Marie Calderon
800-444-4302

When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-0027

Tax ID:   02405948
Property Address:
13130 Conductor Way Unit 189
Silver Spring, MD 20904-6819

This space for Recorder's use

MIN #: ___   MERS Phone #:   888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (herein "Assignor"), whose address is P.O. Box 2026, Flint, MI 48501-2026, AS NOMINEE FOR WILMINGTON FINANCE, A DIVISION OF AIG FEDERAL SAVINGS BANK and its successors and assigns hereby assign and transfer to NATIONSTAR MORTGAGE, LLC (herein "Assignee"), whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067, and its successors and assigns all its right, title, and interest in and to a certain Deed of Trust described below.

Original Lender:     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR WILMINGTON FINANCE, A DIVISION OF AIG FEDERAL SAVINGS BANK

Made By:     BERNARD P. BLANCHET
Original Trustee:     BELLA VISTA TITLE, LLC.
Date of Deed of Trust: 11/18/2005     Original Loan Amount: $225,000.00
Recorded in Montgomery County, MD on: 12/20/2005, book 31478, page 480 and instrument number:

IMP FD SURE     40.00
RECORDING FEE     20.00
TOTAL     60.00
Rest H007   Rcpt # 40464
LEK     NVE     Blk # 2608
OCT 9 2013     11:53 am

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR WILMINGTON FINANCE, A DIVISION OF AIG FEDERAL SAVINGS BANK

By: 
Rebecca I Guerrero
Assistant Secretary
Date     SEP 2 5 2013

State of California
County of Los Angeles

On   SEP 2 5 2013   before me,   Sophie Neary Pok   , Notary Public, personally appeared   Rebecca I Guerrero   , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____ Sophie Neary Pok _____   (Seal)
My Commission Expires: _____ July 30, 2015

SOPHIE NEARY POK
Commission # 1946008
Notary Public - California
Orange County
My Comm. Expires Jul 30, 2015

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) LEK 47781, p. 0260, MSA_CE63_47738. Date available 10/15/2013. Printed 08/22/2017.



**BOOK: 54232  PAGE: 2**

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) BHM 54232, p. 0002, MSA_CE63_54189. Date available 05/09/2017. Printed 08/22/2017.

```
LR - Assignment
Recording Fee     20.00
Name: BLANCHET
Ref:
LR - Assignment
Surcharge         40.00
=====================
SubTotal:         60.00
=====================
Total:            60.00
05/03/2017   03:29
                 CC15-CG
           CC0602 -
Montgomery
County/CC06.02.06 -
Register 06
```



## DOCUMENT VALIDATION PAGE
FOR CLERK'S USE ONLY
(EXCLUDED FROM PAGE COUNT FOR CERTIFIED COPY)

### BARBARA H. MEIKLEJOHN
Clerk of the Circuit Court for Montgomery County
50 Maryland Avenue
Rockville, Maryland 20850
Recording and Licensing
(240) 777-9470

BOOK: 54232 PAGE: 1

Recording Requested By:
Nationstar Mortgage

RETURN TO:
Orlans PC
Attn: Doc Recording Team
PO Box 2548
Leesburg, VA 20175

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Montgomery, Maryland
SELLER'S SERVICING #_____ "BLANCHET"

Date of Assignment: April 19th, 2017
Assignor: NATIONSTAR MORTGAGE LLC at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-BC3 at 425 WALNUT STREET, CINCINNATI,, OH 45202

Executed By: BERNARD P. BLANCHET To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR WILMINGTON FINANCE, A DIVISION OF AIG FEDERAL SAVINGS BANK
Date of Deed of Trust: 11/18/2005 Recorded: 12/20/2005 in Book/Reel/Liber: 31478 Page: 480 In the County of Montgomery, State of Maryland.

Assessor's/Tax ID No. 05-02405948

Property Address: 13130 CONDUCTOR WAY, UNIT 189, SILVER SPRING, MD 20904

Legal: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of $225,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

    TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust.

    NATIONSTAR MORTGAGE LLC
On April 19th, 2017

By:_____
TIM JACKSON, Assistant Secretary

STATE OF Texas
COUNTY OF Dallas

On April 19th, 2017, before me, VALENCIA METCALF, a Notary Public in and for Dallas in the State of Texas, personally appeared TIM JACKSON, Assistant Secretary, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

VALENCIA METCALF
Notary Expires: 02/28/2019

VALENCIA METCALF
Notary Public, State of Texas
Comm Expires 02-28-2019
Notary ID 12853541-4

(This area for notarial seal)

MONTGOMERY COUNTY CIRCUIT COURT (Land Records) BHM 54232, p. 0001, MSA_CE63_54189. Date available 05/09/2017. Printed 08/22/2017.