UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| IN RE | CHAPTER 13 |
| BERNARD P. BLANCHET | CASE NO. 17-23234-cgm |
| DEBTOR | JUDGE: Cecelia G. Morris |

**STIPULATION AND ORDER**
**ALLOWING POST-PETITION MORTGAGE ARREARS DEFERRAL**

**WHEREAS,** Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC3 (with successors and assigns collectively as "Secured Creditor") is a Secured Creditor of the Debtor by virtue of a mortgage (the "Mortgage"), securing the obligations under a promissory note executed by the Debtor on November 18, 2005( the "Note", Note and Mortgage collectively known as the "Loan") encumbering real property known as 13130 Conductor Way, Unit 189, Silver Spring, MD 20904 (the "Property" or the "Premises"), and

**WHEREAS,** on August 6, 2017 the Debtor commenced a case under Chapter 13 of the Bankruptcy Code, and

**WHEREAS**, the Secured Creditor is the holder of the Loan; and

**WHEREAS,** the Mr. Cooper having filed a Notice of Forbearance of Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2006-BC3 ("Secured Creditor") filed on October 20, 2020 (ECF DN 37) with proof of

service upon the Trustee, Debtor, Debtor's Attorney, and U.S. Trustee forbearing payments due from August 2020 through January 2021;

WHEREAS, In addition to the post petition arrears described in the paragraph above, Debtor is due for the February 2021 payment through February 2022;

**WHEREAS,** after due deliberation, the Debtor and Secured Creditor have agreed to settle the payment of the post-petition mortgage arrears with this Stipulated Order; it is hereby:

**STIPULATED AND ORDERED AS FOLLOWS THAT:**

A . **ORDERED,** that the post-petition forbearance arrears for October 1, 2020 through March 1, 2021 in the monthly amounts of $1,151.76 each, for a total delinquency in the amount of $6,910.56 are hereby deferred to the end of the loan's maturity date.

B. **ORDERED,** that on or before July 15, 2022, the debtor shall pay all remaining post-petition arrears, late charges, legal fees and expenses, totaling $12,837.15 to Movant, its agents, assigns, or successors in interest, a breakdown of which follows:

| | |
|---|---:|
| 2 Monthly Payments at $1,145.31 each | $2,290.62 |
| (August 2020 through September 2021) | |
| 5 Monthly Payments at $1,151.76 each | $5,758.88 |
| (April 2021 through August 2021) | |
| 7 Monthly Payments at $1,155.85 each | $8,090.95 |
| (September 2021 through March 2022) | |
| Suspense | $(1,004.42) |
| Total Delinquencies | $15,136.03 |

Said payments shall be made as follows:

| | | |
|---|---|---:|
| 1. | on or before March 15, 2022 | $2,522.67 |
| 2. | on or before April 15, 2022 | $2,522.67 |
| 3. | on or before May 15, 2022 | $2,522.67 |
| 4. | on or before June 15, 2022 | $2,522.67 |

| | | |
|---|---|---|
| 5. | on or before July 15, 2022 | $2,522.67 |
| 6. | on or before August 15, 2022 | $2,522.68 |

**C. ORDERED,** that Debtor shall in accordance with the requirement of the Loan, continue making the regular monthly payments to Nationstar Mortgage LLC d/b/a Mr. Cooper, at the address listed below, on the first day of each and every month, commencing with the April 1, 2022 payment

> Nationstar Mortgage LLC d/b/a Mr. Cooper
> PO Box 619094
> Dallas, TX 75261-9741

**D. ORDERED,** that in the event the Debtor fails to tender any of the sums hereinabove or fails to make regular monthly payments and fails to cure the default within Ten (10) Days from the date of service of a written Notice of Default on the Debtor and Debtor's Attorney, the Movant shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance.  Upon issuance of the Ex Parte Order, the Automatic Stay shall be deemed vacated with respect to the Mortgage held by Movant, allowing the Movant to foreclose on the Mortgage and the real property known as 13130 Conductor Way, Unit 189, Silver Spring, MD 20904, (the "Property"), and it is further

**E. ORDERED,** that in the event that three (3) Notices of Default have been sent to Debtor and Debtor's Attorney as a result of three defaults under this Order, and upon a fourth default, the Movant shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance without further Notice of Default.  Upon issuance of the Ex Parte Order, the Automatic Stay shall be lifted and vacated allowing the Movant to exercise its rights

pursuant to the Mortgage and Note encumbering the property located at 13130 Conductor Way, Unit 189, Silver Spring, MD 20904 ("Property"), and it is further

**F. ORDERED,** that if Movant is required to send the above-mentioned Notice(s) of Default, Movant shall be entitled to recover additional attorney's fees in the amount of $50.00 per Notice, which shall be added to the amount necessary to cure the default, and it is further

**G. ORDERED,** the obligations due pursuant to the Note and Mortgage are validly due and owing to the Secured Creditor. All provisions of Said Note and Mortgage, collectively the Loan, shall remain in force and effect and shall be enforceable pursuant to the terms contained therein.

**H. ORDERED,** the obligations due pursuant to the Note are secured by a lien upon the Premises as evidenced by a duly recorded Mortgage, which lien and security interest is valid and remains in full force and effect.

**I. ORDERED,** that if the automatic stay is vacated under the terms of this Conditional Order, the Chapter 13 Trustee shall cease making secured payments on Movant's Secured claim, designated as 3 on this Court's Claims Register, upon entry of such Order lifting the Automatic Stay, and it is further

**J. ORDERED,** that the terms of this Order shall not survive dismissal, case conversion, discharge and/or closure of the instant case, and it is further

**K. ORDERED,** that the default described herein must be cured in full prior to the conclusion of the Chapter 13 Plan, and it is further

**L. ORDERED,** that the Trustee shall be given notice of any surplus monies resulting from the sale of the Property.

**M. ORDERED,** this Stipulation and Order may be executed in counterparts, but shall not become effective until executed by all Parties, approved by the Court. The fully executed copy of this Stipulation and Order shall be deemed the original for the purposes of filing same with the Court and facsimile signatures shall have the same force and effect as original signatures.

**N. ORDERED, t**his Stipulation and Order shall not be changed orally.  The foregoing represents the entire agreement of the parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

Approved:

_/s/ David J Babel_____                                    Dated: 04/26/2022
David J. Babel, Esq.
Attorney for Debtor


Approved:

/s/Shari Barak_____                                     Dated: 04/28/2022
Shari S. Barak
Attorney for Secured Creditor




**/s/ Cecelia G. Morris**

**Dated: May 5, 2022**                                      _____
**Poughkeepsie, New York**                                  **Hon. Cecelia G. Morris**
                                                            **U.S. Bankruptcy Judge**